| | |
|---|---|
| District Court, Larimer County, Colorado<br>201 Laporte Ave, Fort Collins, Colorado 80521 | DATE FILED: October 1, 2019 12:58 PM<br>FILING ID: 45489248DAE1E<br>CASE NUMBER: 2019CV30881 |
| **Plaintiff:** Lindsay Hager<br><br>v.<br><br>**Defendants:** The Board of Governors of the Colorado State University System; Cristie Sexton, in her Individual Capacity; and Angela Marolf, in her Individual Capacity | ▲ COURT USE ONLY ▲ |
| Attorney:<br>Raja Raghunath<br>Workplace Rights Project<br>PO Box 372299, Denver, CO 80237<br>Phone Number: (720) 808-1231<br>Fax: (720) 278-7814<br>E-mail: raghunathlawfirm@gmail.com<br>Atty. Reg. #: 39564 | Case Number:<br>Div.:<br>Ctrm.: |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiff, by and through her undersigned counsel, files this Complaint for unpaid wages and overtime wages against the above listed Defendants.

### PRELIMINARY STATEMENT

Plaintiff was a PET and CT Technologist who was employed by Defendants in the Environmental and Radiological Health Sciences Department, at the Colorado State University Veterinary Teaching Hospital, from April 2017 to July 2019. Defendants misclassified Plaintiff as an exempt employee for the entirety of her employment and failed to pay her wages or overtime wages for all hours worked over forty in a workweek, which occurred in nearly every week of Plaintiff's employment. The Individual Defendants further retaliated against Plaintiff when she complained of her misclassification and unpaid overtime, and ultimately terminated Plaintiff because of her complaints.

Defendants accordingly violated the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA") requiring employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty in any given workweek, and to pay all wages owed in weeks where overtime is due. The Individual Defendants further violated the FLSA by retaliating against Plaintiff for her complaints regarding unpaid overtime and misclassification. Defendants' violations of the FLSA were willful and deliberate.

**EXHIBIT A**

## JURISDICTION AND VENUE

1. This court has jurisdiction to hear this case pursuant to Colo. Rev. Stat. § 13-1-124, and the amount at issue exceeds $25,000. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and Colorado common law.
2. Venue is appropriate, as the Defendants' unlawful acts, complained of herein, were all committed in the city of Fort Collins, Colorado.
3. Venue is further appropriate, as the Defendant Board of Governors of the Colorado State University System ("CSU"), owns and operates the CSU Veterinary Teaching Hospital, which is located at 300 West Drake Road, Fort Collins, Colorado, 80523, and was the Plaintiff's and the Individual Defendants' place of employment at all times relevant to this action.

## PARTIES

4. Plaintiff Lindsay Hager was, at all relevant times herein, a resident of the State of Colorado, and neither enrolled in CSU nor employed pursuant to any educational program with the Defendant.
5. Defendant CSU is a state higher educational institution that operates Plaintiff's and the Individual Defendants' place of employment, the Environmental and Radiological Health Sciences department of the CSU College of Veterinary Medicine and Biomedical Sciences, located at the CSU Veterinary Teaching Hospital in Fort Collins, Colorado.
6. Defendant Sexton was, at all relevant times herein, the Business Officer/Department Administrator of the Environmental and Radiological Health Sciences department of the CSU College of Veterinary Medicine and Biomedical Sciences, where Plaintiff worked.
7. Defendant Marolf was, at all relevant times herein, an Associate Professor in the Environmental and Radiological Health Sciences department of the CSU College of Veterinary Medicine and Biomedical Sciences, where Plaintiff worked.
8. Plaintiff was employed by the Defendants, and was their employee, within the meaning of the FLSA, 29 U.S.C. §§ 203(e)(1) and (g).
9. Defendant CSU is a "public agency," as defined in the FLSA, 29 U.S.C. § 203(x), and CSU and the Individual Defendants were the employers of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d) and 29 C.F.R. § 791.2.
10. Defendant CSU is a "public entity," as defined in the Colorado Governmental Immunity Act, Colo. Rev. Stat. § 24-10-103(5), and the Individual Defendants are "public employees," as defined in Colo. Rev. Stat. § 24-10-103(4)(a).

## FACTUAL ALLEGATIONS

11. Plaintiff incorporates all foregoing paragraphs as if set forth fully within.
12. Defendants employed Plaintiff from on or around April 17, 2017 until on or around July 11, 2019.
13. Plaintiff was hired into a position that Defendant CSU labeled as "Research Associate III," and worked for the Defendant in this position continuously from the beginning of

**EXHIBIT A**

her employment until separation. Plaintiff's duties varied throughout her employment, but at no point did any of her duties constitute exempt work under the FLSA, 29 U.S.C. § 213, as set forth in greater detail below.

14. Shortly after Plaintiff was hired, in or around June 2017, Defendants added a new work responsibility to Plaintiff's position. Defendant Sexton told Plaintiff at this time that she and the other two individuals working in her position at the time would need to agree on whether they would be hourly or salaried employees. Plaintiff and her two co-workers chose a salary. Notwithstanding this election, Plaintiff was not employed in a position that was exempt from overtime.

15. Plaintiff did not agree to work a fluctuating work week, nor did Defendant Sexton ever explain to Plaintiff that her selection of a salaried position would result in fluctuating hours of work from week to week. Plaintiff's job description at the time of her hire specifically referred to the position requiring forty hours of work per week.

16. Plaintiff's position and responsibilities did not qualify under any of the overtime exemptions stated in the FLSA, 29 U.S.C. § 213, as set forth in greater detail below.

17. Plaintiff's work was not free from the immediate direction and supervision of her managers, and Plaintiff did not regularly exercise discretion and independent judgment in matters of significance. Plaintiff did not have any managerial responsibility or authority, did not set her own schedule, and did not have the discretion to decide the quality of the images she took of patients.

18. Plaintiff was required to seek approval on job duties that would otherwise have utilized her independent judgment and discretion. For example, Plaintiff was required to check with a radiologist prior to moving a patient, and was required to seek authorization from an anesthesia technician before moving her CT table or injecting contrast into a patient.

19. Plaintiff additionally did not qualify under the administrative exemption under the FLSA, as Plaintiff's main duties were not directly related to the management of general business operations of the employer or employer's customers. Plaintiff performed radiological exams on veterinary patients, which was the service provided by her employer that she was hired to provide. The majority of these duties involved moving, lifting, positioning, and transporting patients.

20. At the time of her hire, Plaintiff was jointly supervised by an administrator and a radiologist. Defendant Marolf was working as a radiologist in the department at the time of Plaintiff's hire, and engaged in some supervision of Plaintiff's work, but did not become Plaintiff's primary supervisor until in or around April 2019.

21. Plaintiff was hired by Defendants to work full time, but was not paid for all of her hours of work during her employment during any of her weeks of employment.

22. At the time of termination, Plaintiff's regular rate of pay was $77,700 annually.

23. Defendants deliberately misclassified Plaintiff, with the result that, although Plaintiff worked in excess of forty hours per week during nearly every week of her employment, and was thus eligible for overtime, Defendants failed to pay her at the overtime rate, or at all, for those hours worked beyond forty per week, in any of her weeks of employment.

24. Plaintiff first complained about her misclassification and unpaid overtime in or around January 2019, initially verbally to Kinda Carpenter, an HR employee of Defendant who was in regular communication with Defendant Sexton regarding Plaintiff at the time.

**EXHIBIT A**

        Plaintiff had previously complained about this issue to her immediate supervisor at the time, Daren Cross, in or around September 2018.
25. In March 2019, Plaintiff sent an email to Defendant Sexton, among others, complaining about her misclassification and unpaid overtime. On information and belief, Defendant Marolf was notified of these complaints at or shortly after the time they were made.
26. In April 2019, Defendant Marolf became Plaintiff's direct supervisor and began writing negative performance assessments of Plaintiff's work. Defendant Marolf had previously written a negative assessment of Plaintiff in January 2018, before becoming her primary supervisor. These performance assessments were ultimately utilized to support Plaintiff's termination by the Individual Defendants and CSU in July 2019.
27. Plaintiff was a largely high-performing employee who regularly worked longer hours than either of the other two employees who were employed by Defendants in the same classification during the course of her employment. After Plaintiff's complaints about misclassification and unpaid overtime, her work was assessed by Defendants Sexton and Marolf under higher standards than the other employees working in that classification.
28. Although Plaintiff had received an "expectations letter" in her first year of employment, and a below-standards rating in her March 2018 annual performance review, she was informed by her reviewers at the time, radiologists Sean Adams and Elissa Randall, that this type of review was to be expected in the first year of employment and was not a cause for concern.
29. Plaintiff's negative performance assessments and her ultimate termination were due to her complaints of unpaid overtime and misclassification, and the reasons given by Defendants for their adverse employment actions against Plaintiff were pretextual.

## CLAIMS FOR RELIEF

### CLAIM 1:
### BREACH OF THE FAIR LABOR STANDARDS ACT (FLSA)
### 28 U.S.C. § 201 et seq.
### (against all Defendants)

30. Plaintiff incorporates all other paragraphs as if set forth fully herein.
31. During all times relevant to this action, Plaintiff was an individual employee of Defendants, as defined by 29 U.S.C. § 203(e)(1).
32. During all times relevant to this action, the Defendants were the Plaintiff's employers, as they acted directly or indirectly in the "interest of an employer in relation to an employee," pursuant to 29 U.S.C. § 203(d).
33. During all times relevant to this action, Defendants employed Plaintiff in commerce, as defined by 29 U.S.C. § 207(a).
34. Defendants violated the FLSA by intentionally misclassifying and failing to pay Plaintiff overtime, as required by 29 U.S.C. § 207.
35. Defendants' failure to pay Plaintiff her federally mandated overtime pay was a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) because, among other reasons, the conduct of Defendant Sexton in requiring Plaintiff to elect to be paid a salary

**EXHIBIT A**

in lieu of overtime, and Defendant Marolf's acquiescence to this conduct, as well as both individuals' retaliatory conduct following Plaintiff's complaints, manifested a desire to evade their normal employer obligations, and support an inference of deliberate misclassification.

36. Defendants are liable to Plaintiff for unpaid overtime, unpaid wages, liquidated damages, attorney's fees, and costs pursuant to 29 U.S.C. § 216(b).

## CLAIM 2:
## RETALIATION FOR EXERCISE OF RIGHTS UNDER
## THE FAIR LABOR STANDARDS ACT (FLSA)
## 28 U.S.C. § 201 et seq.
## (against Defendants Sexton and Marolf)

37. Plaintiff incorporates all other paragraphs as if set forth fully herein.
38. During all times relevant to this action, Plaintiff was an individual employee of Defendants Sexton and Marolf, as defined by 29 U.S.C. § 203(e)(1).
39. Plaintiff engaged in activities protected under the FLSA, specifically requesting wages and overtime pay for her hours worked in excess of forty in a work week.
40. Plaintiff subsequently suffered an adverse employment action by Defendants Sexton and Marolf, when they issued negative performance reviews and ultimately discharged Plaintiff for pretextual reasons in response to her protected activity.
41. Plaintiff's engagement in the protected activity in paragraph 39 was the reason for the adverse employment action in paragraph 40.
42. Defendants Sexton and Marolf were aware, or reasonably should have been aware, that Plaintiff's request to be paid wages and overtime was based on Plaintiff's reasonable belief that she was entitled to wages and overtime pay for all hours worked in excess of forty in a work week.
43. Defendants Sexton and Marolf are liable to Plaintiff for back pay, reinstatement or front pay, consequential damages, liquidated damages, attorney's fees, and costs pursuant to 29 U.S.C. § 216(b).

## CLAIM 3:
## BREACH OF CONTRACT
## (against all Defendants)

44. Plaintiff incorporates by reference all previous paragraphs of this Complaint.
45. Plaintiff entered into an agreement with Defendants to work forty hours per week as a PET and CT Technologist, in exchange for payment of wages for all hours worked.
46. Plaintiff performed all agreed-upon work for Defendants.
47. Defendants are liable to Plaintiff for contract damages, consequential damages, restitutionary damages, and costs.

**EXHIBIT A**

## CLAIM 4:
## UNJUST ENRICHMENT
## (against all Defendants)

48. Plaintiff incorporates by reference all previous paragraphs of this Complaint.
49. Plaintiff, in good faith, performed labor for Defendants from April 2017 to July 2019.
50. Defendants benefited from Plaintiff's labor from April 2017 to July 2019.
51. Defendants refused to pay Plaintiff for her overtime labor performed from April 2017 to July 2019, and unlawfully discharged her in response to her requests for payment.
52. Defendants' refusal to pay leaves judgment from this Court as the only equitable method for Plaintiff to gain relief.
53. Plaintiff is therefore entitled to recovery for her damages and any available penalties under law.

## CLAIM 5:
## CONTRACT IMPLIED IN FACT
## (against all Defendants)

54. Plaintiff incorporates by reference all previous paragraphs of this Complaint.
55. Plaintiff in good faith accepted an offer to work for Defendants.
56. Plaintiff and Defendants agreed on terms of payment for the work performed by Plaintiff, to be paid by Defendants.
57. Plaintiff performed her obligations under the contract by performing labor for Defendants in the agreed-upon manner from April 2017 to July 2019.
58. Defendants' refusal to pay leaves a judgment from this Court as the only equitable method for Plaintiff to gain relief.
59. Plaintiff is therefore entitled to recovery for her damages.

## CLAIM 6:
## PROMISSORY ESTOPPEL
## (against all Defendants)

60. Plaintiff incorporates by reference all previous paragraphs of this Complaint.
61. Plaintiff, in good faith, accepted an offer to work for Defendants in the capacity advertised to her when she took the position.
62. Plaintiff relied on Defendants' promise to be fairly compensated for the hours she worked for Defendants.
63. As described in detail above, Defendants breached that promise.
64. Plaintiff's reliance on the promise was reasonable and foreseeable.
65. Therefore, Plaintiff is entitled to recover for her damages.

## DEMAND FOR JURY TRIAL

66. Plaintiff demands a jury for all issues so triable.

**EXHIBIT A**

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests that this Court enter an order:

a. Awarding Plaintiff appropriate back pay, and actual damages, in the amount to be shown at trial, to compensate Plaintiff for lost wages, benefits, and employment opportunities;
b. Awarding Plaintiff reinstatement or appropriate front pay, in the amount to be shown at trial;
c. Awarding Plaintiff unpaid wages and overtime wages pursuant to 29 U.S.C. § 206, 207, and 216, and Colorado law;
d. Awarding Plaintiff liquidated damages and penalties pursuant to 29 U.S.C. § 216(b);
e. Awarding Plaintiff costs and attorney fees pursuant to 29 U.S.C. § 216(b); and
f. Granting such relief as this Court deems just and proper.

Dated: October 1, 2019

Respectfully Submitted,

*s/ Rajasimha Raghunath*
Rajasimha Raghunath, Esq.

Workplace Rights Project
PO Box 372299, Denver, Colorado 80237
Telephone: (720) 808-1231
Fax: (720) 278-7814
E-mail: raghunathlawfirm@gmail.com

Counsel for Plaintiff

**EXHIBIT A**